UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| LARRY D. WAMPLER, JR., formerly known as HUNG TAN VO, | ) ) ) ) |   |
| Petitioner, | ) ) |   |
| v. | ) ) | Civil Action No. 18-10963-LTS |
| BRAD COHEN, Superintendent, Massachusetts Correctional Institution, Norfolk, | ) ) ) ) ) |   |
| Respondent. | ) ) |   |

MEMORANDUM AND ORDER

May 16, 2018

SOROKIN, D.J.

For the reasons stated below, the Court orders that this action be dismissed without prejudice.

I. BACKGROUND

Pro se petitioner Larry D. Wampler, Jr., who is incarcerated at MCI Norfolk, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 ("§ 2254"). Wampler challenges his 1992 conviction by a jury of first-degree murder, for which he received a mandatory life sentence. He maintains that his rights under the Sixth and Fourteenth amendments to the United States Constitution were violated when his trial counsel failed to convey to him, prior to the commencement of trial, that the prosecutor had offered four different plea bargains.

The petition has not been served pending the Court's preliminary review of the action. A district court is not obligated to require a respondent to answer a habeas petition if "it appears

from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]." 28 U.S.C. § 2243 para 1.

II.   DISCUSSION

A prisoner "in custody pursuant to the judgment of a State court" may seek federal review of the validity of his confinement by filing a petition for a writ of habeas corpus under § 2254. 28 U.S.C. § 2254(a). However, a state prisoner seeking relief under § 2254 must comply with the gatekeeping requirements of 28 U.S.C. § 2244(b) ("§ 2244(b)"). This statute establishes a procedure a prisoner must follow if he wishes to file a "second or successive" habeas corpus petition challenging the validity of his confinement. Before "a second or successive application [under § 2254] is filed in the district court, the applicant shall move in the in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).[1] The Court notes that Wampler is aware of this requirement, the First Circuit having once denied his request for permission to file a second or successive § 2254 petition. See Wampler v. Spencer, Case No. 06-1443 (1st Cir.). Where a litigant brings a second or successive § 2254 petition in the district court without having obtained

---

[1] The court of appeals may authorize the application to file a second or successive § 2254 petition only if the petitioner makes a prima facie showing that:

> **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>    **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2); see also 28 U.S.C. § 2244(b)(3).

leave to do so from the court of appeals, the district court is without jurisdiction to entertain the petition.  See Burton v. Stewart, 549 U.S. 147, 157 (2007).

Wampler's present petition is a "second or successive" habeas petition within the meaning of § 2244(b).  He filed a § 2254 petition in this Court in 1998, challenging the validity of the same conviction at issue in the present action.  See Vo v. Maloney, C.A. No. 98-12499-RWZ (D. Mass.).[2]  Adopting the Magistrate Judge's Report and Recommendation, Judge Zobel denied the petition on September 8, 2000 on the merits, see id. (#25), and the First Circuit affirmed, see id. (#30).[3]

Because this action presents a second or successive § 2254 petition, the Court lacks jurisdiction over the matter unless Wampler has requested and received permission from the United States Court of Appeals for the First Circuit.  He does not indicate that he has received said permission, and the Court's review of the Federal Judiciary's PACER (Public Access to Court Electronic Records) system does not show that he has met this gatekeeping requirement.

III.    CONCLUSION

Accordingly, this action is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

SO ORDERED.

/s/ Leo T. Sorokin
UNITED STATES DISTRICT JUDGE

---

[2] Wampler was convicted under the name Hung Tan Vo.  In a January 17, 2017 memorandum and order on Wampler's motion to vacate or set aside his conviction, Judge Thomas P. Billings of the Commonwealth's Superior Court noted that Wampler was named Hung Tan Vo at birth after his mother, but now prefers to be called after his father.  See Pet., Ex. (#1-1, p. 40 n.1).

[3] Wampler attached to the present petition the following documents from his first § 2254 action: Magistrate Judge's Report and Recommendation, Judge Zobel's grant of a certificate of appealability, and the First Circuit's affirmation of the denial of the petition.  See Pet., Ex. (#1-1 at pp. 64-85).